DMB:AEG
F.#2010R02515



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION :
OF THE UNITED STATES OF AMERICA : APPLICATION
FOR AN ORDER AUTHORIZING THE RELEASE :
OF A PUK CODE :
- - - - - - - - - - - - - - - - - - - - - - - x

   Andrew E. Goldsmith, an Assistant United States Attorney for the Eastern District of New York, hereby applies to the Court for Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days Sprint Nextel (the "service provider") disclose the PUK code for the Motorola model i410 cellular phone with serial number 364VKUFNK3, IMEI # 001700023622880 and Boost Mobile SIM card ID # 000832167721300, a telephone issued by the service provider (the "SUBJECT TELEPHONE").

   In support of this application I state the following:

   1. I am an Assistant United States Attorney in the Office of Loretta E. Lynch, United States Attorney for the Eastern District of New York. As such, I am a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d) and, as such, am authorized to apply for Orders authorizing the disclosure of the PUK code.

   2. The Court is authorized to order the disclosure of the PUK code upon the government offering specific and articulable facts showing that there are reasonable grounds to

believe that the information sought is relevant and material to an ongoing criminal investigation. 18 U.S.C. § 2703(d).

3. I have discussed this matter with a special agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives (the "investigative agency") who is involved in the investigation. Based upon my discussion with the agent, I believe that the information likely to be obtained is relevant to an ongoing criminal investigation as required by 18 U.S.C. § 2703(d). First, the investigative agency is conducting a criminal investigation into possible violations of federal criminal laws, including carjacking, in violation of Title 18, United States Code, Section 2119(1). Second, it is believed that William Soler, Sami Waters, and others known and unknown, have used the SUBJECT TELEPHONE in furtherance of the above offense. Third, the PUK code will further the investigation by corroborating the observations of surveillance agents and providing leads as to co-conspirators.

4. Based upon discussions with a special agent of the investigative agency, the government hereby sets forth the following specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation. This investigation has established information indicating that the targets are using the SUBJECT TELEPHONE.

5. On or about August 10, 2010, shortly after 9:30 p.m., New York City Police Department ("NYPD") Officer Andre Grant was a passenger in an unmarked NYPD car driving in the area of East 64th Street and Avenue U in Brooklyn, New York. Grant observed two individuals later identified as William Soler and Sami Waters turn onto Avenue U on foot from East 64th Street and begin walking east on Avenue U. Grant observed that both defendants were carrying backpacks and were wearing long-sleeved shirts despite very warm weather.

6. Officer Grant instructed the officer driving the car to stop. At about that time, Officer Grant heard a report over the NYPD radio system of a robbery that had just taken place approximately two blocks away. The report indicated that two black men had committed the robbery. Waters and Soler are both black.

7. Officer Grant stepped out of the NYPD car and Waters immediately ran down a nearby driveway. Soler stopped for a moment and then ran after Waters. At the end of the driveway, Waters climbed over a fence and continued running. Soler also climbed over the fence. When Soler reached the ground on the other side of the fence, Officer Grant observed a firearm fall to the ground from Soler's person. Another NYPD officer later recovered the firearm, a 9mm CZ-USA Model P-01 semiautomatic pistol loaded with 12 rounds of ammunition.

3

8. An NYPD officer caught Soler shortly thereafter. The NYPD recovered the SUBJECT TELEPHONE from Soler's person. Soler was later read his <u>Miranda</u> rights, and he agreed to speak with officers. Soler said, in substance and in part, that he had purchased the above-mentioned 9mm CZ-USA P01 semiautomatic pistol about a month earlier for $400.

9. Also on or about August 10, 2010, other NYPD officers, having heard radio reports of the robbery, caught Waters near the intersection of East 65th Street and Strickland Avenue. He was placed under arrest. NYPD Officer Thierry Lamarre searched Waters incident to that arrest. Officer Lamarre discovered in the pocket of Waters's jacket a .380-caliber Lorcin semiautomatic pistol loaded with seven rounds of ammunition.

10. Victims of the above-mentioned robbery reported to police that the perpetrators held them at gunpoint and demanded the keys to their car, parked outside the house. The victims provided the keys and the perpetrators drove away.

11. Searching the SUBJECT TELEPHONE will reveal the telephone number associated with the phone. Law enforcement can use the telephone number to obtain historical cell site information. The historical cell site information, in turn, can provide location information to corroborate that Soler and Waters were in the vicinity of the carjacking location at the time of the carjacking.

4

12. Based on my training and experience, I know that robbers may arrange meeting times, locations and plans by telephone. Therefore, a search of the recent calls and text messages contained in the SUBJECT TELEPHONE may reveal evidence of calls between Soler and Waters or between them and co-conspirators. Similarly, based on my training and experience, I know that robbers may maintain contact information and other data associated with co-conspirators in their cellular phones. A search of the SUBJECT TELEPHONE may reveal such data.

13. On October 21, 2010, the Hon. Viktor V. Pohorelsky, United States Magistrate Judge, issued a search warrant directing law enforcement agents to examine the contents of the SUBJECT TELEPHONE.

14. When law enforcement agents attempted to examine the contents of the SUBJECT TELEPHONE, they discovered that a portion of the contents of the SUBJECT TELEPHONE was protected by a password. According to these agents, the PUK code will allow them to bypass the password and thus to complete their execution of the October 21 search warrant.

15. Based upon the above proffer, the government requests that the Court issue Orders that provides, pursuant to 18 U.S.C. § 2703(c)(1) and (d), a directive to the service provider to supply within seven days the PUK code.

16. No prior request for the relief set forth herein has been made except to the extent set forth above. The foregoing is affirmed under the penalties of perjury. See 28 U.S.C. § 1746.

Dated: Brooklyn, New York
      12/20, 2010

_____
Andrew E. Goldsmith
Assistant United States Attorney
(718) 254-6498

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

 MISC. 10-892

- - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION :
OF THE UNITED STATES OF AMERICA : ORDER TO
FOR AN ORDER AUTHORIZING THE RELEASE : SERVICE PROVIDER
OF A PUK CODE :
- - - - - - - - - - - - - - - - - - - - x

WHEREAS this Court has, upon the application of the United States of America, entered an Order pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days Sprint Nextel (the "service provider") disclose the PUK code for the Motorola model i410 cellular phone with serial number 364VKUFNK3, IMEI # 001700023622880 and Boost Mobile SIM card ID # 000832167721300, a telephone issued by the service provider (the "SUBJECT TELEPHONE"),

NOW THEREFORE, IT IS HEREBY:

ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply within seven days the PUK code.

Dated:   Brooklyn, New York
         12/20    , 2010

                                    _____
                                    HON. ROBERT M. LEVY
                                    UNITED STATES MAGISTRATE JUDGE
                                    EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



0-892

- - - - - - - - - - - - - - - - - - - - -x
IN THE MATTER OF AN APPLICATION        :
OF THE UNITED STATES OF AMERICA        :   ORDER
FOR AN ORDER AUTHORIZING THE RELEASE   :   OF AUTHORIZATION
OF A PUK CODE                          :
- - - - - - - - - - - - - - - - - - - - -x

    This matter having come before the Court pursuant to an application by Assistant United States Attorney Andrew E. Goldsmith, an attorney for the Government as defined by Rule 1(b)(1) of the Federal Rules of Criminal Procedure and a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d), requesting Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days Sprint Nextel (the "service provider") disclose the PUK code for the Motorola model i410 cellular phone with serial number 364VKUFNK3, IMEI # 001700023622880 and Boost Mobile SIM card ID # 000832167721300, a telephone issued by the service provider (the "SUBJECT TELEPHONE");

    UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS THAT:

    Pursuant to 18 U.S.C. § 2703(c)(1) and (d), the government has offered specific and articulable facts showing that there are reasonable grounds to believe that the PUK code is relevant and material to an ongoing criminal investigation into possible violations of federal criminal laws, including carjacking, in violation of Title 18, United States Code, Section

2119(1), being conducted by the Bureau of Alcohol, Tobacco, Firearms and Explosives (the "investigative agency"); now therefore,

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply to the investigative agency within seven days the PUK code.

Dated: Brooklyn, New York
12/20, 2010

_____
HON. ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

2